SUMMARY ORDER

Petitioners, natives and citizens of Guyana, seek review of an October 28, 2008 order of the BIA, denying their motion to *731 remand and affirming the October 10, 2007 decision of Immigration Judge (“IJ”) Philip L. Morace, which pretermitted the applications for asylum of petitioners Raha-mat and Ally, and denied their applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Zaimoon Rahamat, Nos. A097 516 815/812/816/817 (B.I.A. Oct. 28, 2008), aff'g Nos. A097 516 815/812/816/817 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings for substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I.Asylum
According to 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review, inter alia, an agency finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) or that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D). While Petitioners raise one potential “question of law” before this Court — whether the BIA improperly engaged in factfinding — we have recognized that we “lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.” See Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir.2008) (citing Arbaugh v.Y & H Corp., 546 U.S. 500, 513 n. 10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). Petitioners’ argument is patently frivolous because the BIA did not find any new facts, but rather merely applied facts found by the IJ with regard to Rahamat’s entry date and legal status. Therefore, to the extent that Petitioners challenge the agency’s pretermission of their asylum applications, we dismiss the petition for review.
II. CAT Relief
We also lack jurisdiction, as the Government correctly argues, over Petitioners’ CAT claims because, as the BIA specifically noted, they did not challenge the IJ’s denial of such claims in their brief to the BIA. Under 8 U.S.C. § 1252(d), this Court “may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right.” This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, see Theodoropoulos v. INS, 358 F.3d 162, 165-69, 174 (2d Cir.2004), and that in his appeal to the BIA, he raise each category of relief he subsequently raises in this Court, see Karaj v. Gonzales, 462 F.3d 113, 119 & n. 2 (2d Cir.2006). Here, as the BIA correctly noted, Petitioners failed to raise any challenge to the denial of CAT relief before the BIA. Accordingly, we dismiss Petitioners’ claims for CAT relief. See id.
III. Motion to Remand
Petitioners also argue that the BIA erred in failing to remand their proceedings to the IJ for consideration of evidence that they were suffering from severe depression, which allegedly pi'evented them from timely filing their asylum applications. We review the BIA’s denial of a motion to remand for abuse of discretion. See Li Yong Cao v. U.S. Dep’t of Justice, *732 421 F.3d 149, 157 (2d Cir.2005). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner.” Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005) (per curiam); see also Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001).
Here, the BIA did not abuse its discretion in finding that the Petitioners failed to present material evidence that would warrant remand. The BIA reasonably found Petitioners’ evidence — their own self-serving affidavits — to be insufficient to carry them heavy burden on them motion. See Sanusi v. Gonzales, 445 F.3d 193, 201 (2d Cir.2006) (per curiam) (“[T]he [BIA] ordinarily will not consider a discretionai*y grant of a motion to remand unless the moving party meets a ‘heavy burden’ and presents evidence of such a nature that the [BIA] is satisfied that if proceedings before the immigration judge were reopened ... the new evidence offered would likely change the result in the case.” (first alteration in original) (quoting Matter of Coelho, 20 I. & N. Dec. 464, 473 (1992))). While Petitioners appear to be correct that the BIA misapprehended the claimed cause of Ally’s depression, this error does not require us to vacate the BIA’s decision as it remains the case that Petitioners have submitted only their own self-serving affidavits in support of their motion. We are therefore confident that the BIA would reach the same conclusion absent the error. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 401-02 (2d Cir.2005). Accordingly, the BIA did not abuse its discretion in denying Petitioners’ motion to remand.
IV. Withholding of Removal
Finally, the Government also contends that we lack jurisdiction over Petitioners’ withholding of removal claims because they failed to raise them in their brief to the BIA, and the BIA specifically noted this failure in its decision. However, Petitioners did, as they correctly contend, make “a detailed argument with respect to withholding of removal” in their brief to the BIA addressing the grounds for the IJ’s denial of their withholding of removal claims. Pet. Br. at 18. The BIA therefore erred in finding that Petitioners had not challenged the denial of their claims for withholding of removal and in failing to consider Petitioners’ arguments. While we need not remand if it can be predicted with confidence that the agency would reach the same conclusion even absent the error, see Cao He Lin, 428 F.3d at 401-02, such a prediction cannot confidently be made here. Rahamat and Ally were found to be credible, and the IJ noted that he “would be satisfied if the standard was a well-founded fear,” rather than the clear probability of persecution required for a claim for withholding of removal. IJ Op. at 17. In this situation, we cannot confidently predict that, had the BIA properly considered Petitioners’ arguments, it would have arrived at the same conclusion. Accordingly, we remand for the BIA to consider these arguments in the first instance.
For the foregoing reasons, the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part. The case is remanded to the agency for further proceedings consistent with this order.